ONTARIO POWDER WORKS *v.* POWELL.

PLEADING—AMENDMENT WITHOUT LEAVE—BILL OF PARTICULARS.
Where a declaration on a foreign judgment, containing also the common counts, was amended without leave, after the time for amending without leave, by filing a declaration like the former, except that it contained a notice that certain promissory notes would be given in evidence, and on the same day a bill of particulars was filed, pursuant to defendant's demand, referring to the amended declaration for a description of plaintiff's cause of action, it was not error to treat the amended declaration as a part of the bill of particulars.

Error to Marquette; Stone, J.   Submitted November 18, 1902.   (Docket No. 93.)   Decided March 23, 1903.

*Assumpsit* by the Ontario Powder Works against Daniel W. Powell and Edward Mitchell, copartners as Powell & Mitchell, on a foreign judgment and certain promissory notes.   From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

*Clark & Pearl*, for appellants.

*Ball & Ball*, for appellee.

HOOKER, C. J. Defendants have appealed from a judgment rendered against them. The action was commenced by declaration, which counted upon a foreign judgment. It contained the common counts also. On January 4th, defendants' counsel filed and served a plea of the general issue, and gave notice, by way of defense, that the judgment was not binding and conclusive in the cause. It also alleged that the foreign court had no jurisdiction. It concluded with a reiterated demand for a bill of particulars. Subsequently the plaintiff's counsel filed, without leave, an amended declaration, which was substantially like the former, except that it was accompanied by a notice that it would give in evidence certain promissory notes, copies of which were appended. On the same day a bill of particulars was filed, stating that the several judgments and notes mentioned in the amended declaration constituted plaintiff's entire cause of action. At the trial, objection was made to the amended declaration, upon the ground that it was filed without leave, and after the time prescribed by rule for filing amended declarations without leave. The court seems to have held that this objection was valid against the paper, but held that it might be used in connection with, and to make complete, the bill of particulars; or, in other words, that it might "be treated as a part of the bill of particulars" to the original declaration. We think there was no error in this.

Counsel urge that the notes recovered upon were merged in a former judgment rendered in Canada, but we discover nothing in the pleadings or evidence that this was so. They may have been distinct and separate claims, for aught that appears to the contrary. The testimony made a *prima facie* case, and the judgment is affirmed.

The other Justices concurred.